IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DARNELL A. GRAY                                              PETITIONER

VS.            CASE NO. 4:02CR00103
                       4:05CV00721

UNITED STATES OF AMERICA                                     RESPONDENT

### ORDER

Pending is petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. At the direction of the Court, respondent United States submitted a response opposing Petitioner's motion on October 3, 2005.

On June 5, 2002, petitioner and co-defendant Denise Lawrence were charged in a single-count indictment with aiding and abetting one another while knowingly and intentionally possessing with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Following a March, 2003 jury trial, petitioner was found guilty of the count charged in the indictment. His co-defendant was found not guilty.

On August 1, 2003, petitioner was sentenced to a term of 121 months imprisonment and five years of supervised release. Petitioner filed a timely appeal of his conviction and the United States Court of Appeals for the Eighth Circuit affirmed the conviction on June 1, 2004.

Petitioner asserts the following two grounds for the requested § 2255 relief: (1) petitioner was denied due process under the Fifth Amendment because the jury was not instructed that the government must prove beyond a reasonable doubt every element of the offense charged and

1

(2) petitioner was denied the effective assistance of counsel at trial and at the appellate level.

Petitioner's counsel did not object to the challenged instruction at trial and petitioner did not bring this argument in his direct appeal through different counsel.

Because petitioner did not challenge the instruction at trial or on direct appeal, he may not obtain collateral relief under § 2255 unless he shows both "cause" excusing his double procedural default and "actual prejudice." *See United States v. Flynn*, 87 F.3d 996, 999 (8th Cir. 1996) (citing *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594-95, 71 L.Ed.2d 816 (1982)).

Petitioner contends that his counsel's failure at trial to object to the challenged instruction and to preserve the error for direct appeal, and his appellate counsel's failure to bring the issue on direct appeal under a "plain error" standard establishes "cause."

"[A] showing of ineffective assistance of counsel satisfies both cause and prejudice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Moreover, "[i]neffective assistance of appellate counsel may constitute cause and prejudice to overcome a procedural default." *Becht v. United States of America*, 403 F.3d 541, 545 (8th Cir. 2005) (citing *Boysiewick v. Schriro*, 179 F.3d 616, 619 (8th Cir.1999)).

To establish a claim for ineffective assistance of counsel, petitioner must show both that his counsel's performance was deficient and that this deficient performance prejudiced the outcome of the proceedings. *See Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner has failed to establish either of these factors.

The statute under which petitioner was charged states "it shall be unlawful for any person knowingly or intentionally--(1) to manufacture, distribute, or dispense, or possess with intent to

2

manufacture, distribute, or dispense, a controlled substance . . . ." 21 U.S.C. § 841(a)(1).

Petitioner was indicted for " knowingly and intentionally possess[ing] with intent to distribute a mixture or substance containing more than 5 kilograms of cocaine."

The jury instruction given by the Court at trial was Eighth Circuit Model Instruction 6.21.84A. It states:

> The crime of possession with intent to distribute cocaine, as charged in Count One of the indictment has three essential elements, which are:
>
> One, the defendants were in possession of cocaine;
> Two, the defendants knew that they were in possession of cocaine; and
> Three, the defendants intended to distribute some or all of the cocaine to another person.
>
> For you to find the defendants guilty of the crime charged under Count One, the Government must prove all of these essential elements beyond a reasonable doubt as to each defendant; otherwise you must find that particular defendant not guilty of this crime.

Petitioner contends that while the indictment charged him with both "knowingly and intentionally" possessing the cocaine, the jury instruction only instructed the jury that in order to find petitioner guilty it must find that he "knowingly" possessed cocaine. He argues that the jury instruction is insufficient because it did not instruct the jury that the government must prove that he "intentionally" possessed the cocaine.

"When . . . a statute 'is worded in the disjunctive ..., federal pleading requires that an indictment charge in the conjunctive to inform the accused fully of the charges. . .'. However, it is appropriate for the district court to instruct the jury in the disjunctive form used in the statute, because '[p]roof of any one of the violations charged conjunctively in the indictment will sustain a conviction.'" *United States v. Urkevich*, 408 F.3d 1031 (8th Cir. 2005) (quoting *United States v.*

3

*Klein*, 850 F.2d 404, 406 (8th Cir. 1988) (citations omitted)).

Thus, the jury instruction given by the Court was a non-fatal variance and the Court did not commit error. Consequently there petitioner's trial counsel did not err in failing to object to the instruction at trial and his appellate counsel did not err in failing to raise the issue on appeal. Petitioner has failed to establish "cause."

To establish actual prejudice, petitioner must show that the erroneous jury instruction "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1981).

Petitioner has failed to establish actual prejudice. Petitioner was a passenger and his co-defendant was the driver of the car in which 17.5 pounds of cocaine were found hidden in its firewall. Petitioner's co-defendant was acquitted under the same jury instruction which petitioner now challenges.

Because both plaintiff and his co-defendant were in possession of a distributable amount of cocaine, the only point upon which petitioner's co-defendant could have been acquitted was that of the requisite mental state. Because she was found not guilty, it is clear that the jury could not have been misled by the omission of the word "intentionally."

Petitioner has failed to prove cause or actual prejudice which would excuse his failure to raise this issue at trial or on direct appeal and is procedurally barred from challenging the jury instruction in a § 2255 proceeding.[1]

---

[1] Petitioner's claim could also be reviewed if he were to establish that there were fundamental defects resulting in a complete miscarriage of justice, e.g. factual innocence. *See Anderson v. United States*, 25 F.3d 704 (8th Cir. 1994). This argument also fails as there was

4

Petitioner has also failed to establish ineffective assistance of counsel as a separate claim for relief. The challenged jury instruction is sufficient under the law of the Eighth Circuit resulting in trial counsel's failure to object and appellant counsel's failure to raise the argument on direct appeal being reasonable.

Petitioner's § 2255 petition is denied (#90).

IT IS SO ORDERED THIS __10__ day of November, 2005.

_____
James M. Moody
United States District Judge

---

sufficient evidence to support the jury's verdict.